UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWANG JANG and AMY JANG, ) | Case No. 2:11-CV-02427-JAM-GGH |
| Plaintiffs, ) | |
| ) | ORDER GRANTING DEFENDANTS' |
| v. ) | MOTION TO DISMISS |
| ) | |
| 1st UNITED BANK, formerly ) Republic Federal Bank, N.A., ) formerly Hemisphere National ) Bank, et al. ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendants 1st United Bank, formerly Republic Federal Bank, N.A., formerly Hemisphere National Bank, Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank, N.A., as trustee for Morgan Stanley Mortgage Loan Trust 2006-1 AR's (collectively "Defendants") Motion to Dismiss (Doc. #12) Plaintiffs Amy and Kwang Jang's ("Plaintiffs") Complaint (Doc. #2), pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs oppose Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for May 2, 2012.

For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises out of a nonjudicial foreclosure of real property located at 840 Wedgewood Court in West Sacramento, California ("Subject Property"). See Plaintiffs' Complaint, Doc. #2 ("Comp.") at ¶¶ 1, 42, 48-49. In November 2005, Plaintiffs borrowed an unspecified amount from an unspecified lender, which was secured by the Subject Property. Id. at ¶¶ 22. Plaintiffs subsequently defaulted on the loan sometime in November 2009, after their March 2009 application for a loan modification was rejected. Id. at ¶¶ 25-28, 33. Plaintiffs received a letter regarding their default, and they subsequently applied again for a loan modification. Id. at ¶¶ 33-38. Although Plaintiffs were told by "Yuriko" at 1st United Bank that they had been approved for a modification, the modified payments were even higher than the existing payments Plaintiffs already could not afford. Id. at ¶¶ 38-39. Plaintiffs' continued requests to the bank, to reduce the principle owed, were denied. Id. at ¶ 40. Sometime in January or February 2011, various defendants began the foreclosure process. Id. at ¶¶ 42-61.

Through this suit, Plaintiffs "are seeking to discover who owns their home and has the authority to modify it [sic]." Comp. at ¶ 21. Plaintiffs allege Defendants "failed, refused and/or neglected to work with [them] in any reasonable way to avoid foreclosure . . . ," and "purposefully deceived" them in wrongfully foreclosing on the Subject Property; for these reasons, Plaintiffs

2

allege they are entitled to equitable and monetary relief on their nine asserted causes of action. Id. at ¶¶ 193-197.

On May 1, 2012, this Court issued an Order to Show Cause regarding Plaintiffs' failure to serve named Defendants First American Title and Cal-Western Reconveyance Corporation. Doc. #26. Because Plaintiffs did not respond to this Court's Order, on May 14, 2012, this Court Ordered First American Title and Cal-Western Reconveyance Corporation dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

  B. <u>Motion to Dismiss</u>[2]

    1. <u>Federal Claims for Relief</u>

      a. <u>Violations of the Truth in Lending Act ("TILA")</u>

In their Complaint, Plaintiffs allege "Defendants failed to include and disclose certain charges in the finance charge shown on the TILA statement," in violation of 15 U.S.C. § 1601, *et seq.*, and seek both rescission and damages. Comp. at ¶¶ 198-202. Defendants argue that Plaintiffs' TILA claim must be dismissed because it is barred by the applicable statute of limitations. See Defendants' Motion to Dismiss, Doc. #12 ("MTD") at pg. 22-23.

The statute of limitations for a claim under TILA is one year for damages and three years for rescission, see 15 U.S.C. § 1640(e), and as Defendants correctly note, Plaintiffs' Complaint was filed well outside both. See Defs' MTD at pg. 22-23. Plaintiffs acknowledge their TILA claim was filed outside of the

---

[2] The Court notes with great concern that all nine of Plaintiffs' causes of action, as pled in their complaint, are identical or substantially similar to those contained in other complaints filed by Plaintiffs' former attorney in the Eastern District, all of which have been dismissed for failure to state a claim. Compare, e.g., Von Brincken v. Mortgageclose.com Inc., et al., 2011 WL 2621010 (E.D. Cal. June 30, 2011), 10-cv-02153 JAM-KJN, Docs. #1, 12, 62, 74, with Comp.; see also Hall v. Mortgage Investors Group, 2011 WL 4374995 (E.D. Cal. Sept. 19, 2011). Boilerplate or "cut and paste" pleadings are strongly discouraged by this Court, particularly pleadings that contain claims previously dismissed.

4

statute of limitations, but argue that this Court "should exercise its discretion and use its equitable power in order to toll the statute of limitations" because Plaintiffs, as lay persons, with "no experience in investment banking, securities dealing, or mortgage lending would not have been able to discover Defendants' actions within the applicable statute[] of limitations." Plaintiffs' Opposition to Defendants' Motion to Dismiss, Doc. #23 ("OPP") at pg. 4-5.

In the Ninth Circuit, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citing Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)). Importantly:

> [E]quitable tolling does not depend on any wrongful conduct by the defendant to prevent plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until plaintiff can gather what information he needs.

Id. (citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 268 (7th Cir. 1995)) (other citations omitted). Plaintiffs' Complaint is devoid of facts demonstrating that they exercised due diligence in attempting to uncover information regarding their claims or explaining why it was reasonable for them to not have known of the existence of their claim. See Comp. at ¶¶ 181-89. Tellingly, Plaintiffs do not direct the Court to any portion of the Complaint to support their argument that the statute of limitations should be tolled. OPP at pg. 4-5. Plaintiffs' conclusory statements regarding equitable tolling lack the requisite factual specificity

5

1 to withstand Defendants' Motion to Dismiss, and therefore,
2 Plaintiffs' TILA claim is dismissed.  See Von Brincken v.
3 Mortgageclose, et al., 2011 WL 2621010 at *2-3 (E.D. Cal. June 30,
4 2011) (finding the plaintiff's federal claims were barred by the
5 statute of limitations, as plaintiff had failed to plead facts
6 supporting the application of equitable tolling in his second
7 amended complaint).

8      The Court further finds that allowing Plaintiffs leave to
9 amend their TILA claim would be futile for two reasons.  First, in
10 their Motion to Dismiss, Defendants address several other cases
11 brought by Plaintiffs' former attorney, where allegations identical
12 to Plaintiffs' regarding equitable tolling were found to be
13 insufficient at the pleading stage.  MTD at pg. 22-23 (citing,
14 *inter alia*, Shapiro v. Bank of America, N.A., 2011 WL 4851145 (E.D.
15 Cal. 2011)).  Plaintiffs do not respond to this in their
16 Opposition, and instead simply argue that their claim was
17 adequately pled.  OPP at pg. 4-6.  Plaintiffs' failure to rebut
18 Defendants' argument regarding prior dismissals on identical
19 pleadings demonstrates that there are no facts in this case that
20 would require the statute of limitations to be tolled.  See
21 Rodriguez v. Wells Fargo Bank, N.A., 2011 WL 2946381 (E.D. Cal.
22 Jul. 21, 2011).  Second, on the last page of their Opposition,
23 Plaintiffs ask this court to grant them leave to amend if it finds
24 that any claims are insufficiently pled.  OPP at pg. 10.  However,
25 Plaintiffs give no indication of what more they could plead to
26 state a claim under TILA, signaling that indeed there are no
27 additional facts Plaintiffs could include in their Complaint if
28 they were granted leave to amend.  See, e.g., Rodriguez, 2011 WL

6

2946381 (granting defendants' motion to dismiss without leave to amend because plaintiff's attorney had previously filed identical complaints that did not satisfy Rule 8's pleading standard).  For these reasons, Plaintiffs' claim under TILA for rescission and damages is dismissed with prejudice.

### b. Violations of RESPA

Plaintiffs allege that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, by "accept[ing] charges for the rendering of real estate services which were in fact charges services [*sic*] other than those actually performed." Comp. at ¶ 205.

RESPA proscribes referral fees or fee splitting "in connection with a transaction involving federally related mortgage loan." 12 U.S.C. § 2607(a), (b). As Defendants correctly point out, Plaintiffs' RESPA claim is barred by the one-year statute of limitations. MTD at pg. 24; 12 U.S.C. § 2614. Plaintiff makes the same argument regarding the application of equitable tolling as he did with his TILA claim, and it is defective for the same reasons stated above. See supra at B.1.a. Accordingly, Plaintiffs' RESPA claim is dismissed.

The Court further finds that allowing Plaintiffs leave to amend their RESPA claim in this case would be futile, for the same reasons leave to amend Plaintiffs' TILA claim was denied. See supra at B.1.a.; see also Rodriguez, 2011 WL 2946381. Accordingly, Plaintiffs' RESPA claim is dismissed with prejudice.

### c. Violations of FCRA

Plaintiffs allege that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by "wrongfully,

improperly, and illegally report[ing] negative information as to [the Plaintiff] to one or more credit reporting agencies . . . ." Comp. at ¶ 209.

There is a private right of action for violations of section 1681(S)(2()(b) of the FRCA. Matracia v. JP Morgan Chase Bank, 2011 WL 1833092 at *3 (E.D. Cal. May 12, 2011). However, to succeed on such a claim, a plaintiff must allege that she had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute. Id. As Defendants properly argue, Plaintiffs have not pled any facts supporting the elements of a cause of action under FCRA, and Plaintiffs do not rebut this charge by pointing the Court to any facts pled in their Complaint substantiating the FCRA claim. MTD at pg. 24; OPP at pg. 6-7. Accordingly, Plaintiffs' FCRA claim must be dismissed.

Plaintiffs' attorney has previously pled claims under FCRA that this Court has repeatedly found fail under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Hall v. Mortgage Investors Group, 2011 WL 4374995 (E.D. Cal. Sept. 19, 2011). This, coupled with the fact that Plaintiffs simply argue that their claim was adequately pled, demonstrate that allowing Plaintiffs leave to amend their FCRA claim would be futile. See Rodriguez, 2011 WL 2946381. For these reasons, Plaintiffs' FCRA claim is dismissed with prejudice.

      2.  State Law Claims for Relief

Plaintiffs assert six causes of action against Defendants under California law for fraud, unjust enrichment, civil RICO

8

violations, breach of security instrument, wrongful foreclosure, and to quiet title.  See Comp.  As set forth above, Plaintiffs' claims under federal law have been dismissed without leave to amend.

The Court has discretion to "decline to exercise supplemental jurisdiction over [state law claims] if: . . . (3) [it] has dismissed all claims over which it has original jurisdiction . . . ," id. at § 1367(c), and it is appropriate to remand for lack of subject matter jurisdiction "at any time before final judgment . . . ." Id. at § 1447(c).  Pursuant to 42 U.S.C. section 1367, this Court exercises its discretion to decline supplemental jurisdiction over Plaintiffs' remaining claims, which all arise under state law. Accord Keen v. American Home Mortgage Servicing, Inc., 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010) ("In the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims.") (internal citations omitted).

Accordingly, this Court will not address the merits of the remaining issues raised in Defendants' Motion to Dismiss.

### III. ORDER

After carefully considering the papers submitted in this matter, it is hereby ordered that Defendants' Motion to Dismiss is GRANTED, as follows:

1. Plaintiffs' claim for violations of the Truth in Lending Act is dismissed with prejudice;

    2.    Plaintiffs' claim for violations of the Real Estate Settlement Procedures Act is dismissed with prejudice; and

    3.    Plaintiffs' claim for violations of the Fair Credit Reporting Act is dismissed with prejudice.

    4.    This Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismisses these claims without prejudice.

    The Clerk shall close this case.

    IT IS SO ORDERED.

Dated: July 19, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE